Argued and submitted February 3, ballot title certified February 20, 1998

Wayne HUGHES,
Chris Cook, and Keith Bartholomew,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S44829)

952 P2d 554

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Graber, Durham, and Kulongoski, Justices.

PER CURIAM

## PER CURIAM

This is a ballot title review proceeding. Petitioners are electors who, pursuant to the provisions of ORS 250.067(1), submitted written comments on the proposed ballot title in a timely manner. They therefore are entitled to seek our review.

The Attorney General certified the following ballot title for what the Secretary of State has labeled Measure 63:

"AMENDS CONSTITUTION: ELIMINATES STATE LAND USE AUTHORITY, UNCOMPENSATED LOCAL LAND USE RESTRICTIONS

"RESULT OF 'YES' VOTE: 'Yes' vote eliminates state land use authority, local use restrictions on private land without compensation.

"RESULT OF 'NO' VOTE: 'No' vote retains state, local land use, zoning authority that may restrict private land uses.

"SUMMARY: Amends constitution. Current law establishes state, local authority to regulate private land uses without compensation, if owner retains some economic use of land.

"Measure eliminates state authority to regulate private land use, zoning in cities, counties.

"Measure prohibits local land use, zoning laws that restrict private property uses or reduce land's market value, without owners' written request or payment of compensation for lost market value. Makes unenforceable such laws adopted after owners' purchase. Prohibits restricting previously allowed uses of land transferred by owner. Other provisions."

Petitioners challenge the Attorney General's certified caption and result statements. We have considered each of petitioners' arguments but are not persuaded that those portions of the certified ballot title fail to comply substantially with the statutory requirements. *See* ORS 250.035(2) (prescribing content of ballot title for statewide measure); ORS 250.085(5) (providing this court's standard of review).

Accordingly, we certify the Attorney General's ballot title to the Secretary of State.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).